IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| JASON SATTERFIELD, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 3:11-cv-65-DGW |
| | ) | |
| DR. ALFONSO DAVID, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |
| | ) | |

**MEMORANDUM AND ORDER**

**WILKERSON, Magistrate Judge:**

Now pending before the Court is Defendant Dr. Alfonso David's Motion for Summary Judgment (Doc. 26). For the reasons set forth below, the motion is **DENIED**.

**BACKGROUND**

Plaintiff Jason Satterfield, an inmate proceeding *pro se*, filed his complaint in this matter on January 24, 2011, pursuant to 42 U.S.C. § 1983. Satterfield alleged that Defendants Dr. Alfonso David, Wexford Health Sources, Inc., Shawnee Correctional Center, and the Illinois Department of Corrections (IDOC), acted with deliberate indifference to his serious medical needs in violation of the Eighth Amendment. Specifically, Satterfield alleged that the defendants failed to provide him treatment for an injured foot (Doc. 1). Upon threshold review of the complaint, the Court dismissed Satterfield's claims against Wexford Health Sources, Inc., Shawnee Correctional Center, and the IDOC, but allowed Satterfield to proceed on the deliberate indifference claim against Dr. David (Doc. 8).

Dr. David filed a Motion for Summary Judgment on January 13, 2012, arguing that Satterfield's claim against him should be dismissed because Satterfield did not properly exhaust his administrative

remedies prior to filing suit, as required by 42 U.S.C. §1997e(a) (Doc. 26). In response, Satterfield argued that he took the steps necessary to exhaust, but was precluded from completing the process because the grievance officer never responded to his grievances (Doc. 29). The Court held a hearing on the question of exhaustion pursuant to *Pavey v. Conley*, 544 F.3d 739 (7th Cir. 2008), on April 10, 2012.

## DISCUSSION

The evidence presented in support of the motion for summary judgment, and the testimony given at the *Pavey* hearing demonstrates that Satterfield filed two grievances complaining that he was receiving inadequate medical treatment for his foot at Shawnee Correctional Center, one on February 20, 2009 (Doc. 26-2; Exh. B), the other on May 14, 2009 (Doc. 26-3, Exh. C). Satterfield received a counselor's response to both grievances.[1] At the hearing, Satterfield testified that he placed the February 20, 2009, grievance in the institutional mail to the grievance officer immediately after he received the counselor's response. He further testified, however, that he never received any response from the grievance officer. Having received no response, he forwarded both grievances to the Administrative Review Board (ARB), which returned the grievances to him unreviewed, informing Satterfield that he must include a grievance officer's and CAO's responses to the grievance (Doc. 26-4, Exh. D). Satterfield testified that the grievance officer's failure to respond to his grievance was a "roadblock" in his ability to exhaust the grievance. Defendant agreed that the grievance officer never received the grievance. The Defendant argued, however, that the Court should conclude that Satterfield never sent it to the grievance officer, and thus did not follow the proper procedures to exhaust his administrative remedies.

---

[1] An inmate must first attempt to resolve a complaint informally. If the complaint is not resolved, he must file a grievance within 60 days after the discovery of the incident, occurrence, or problem that gives rise to the grievance. ILL. ADMIN. CODE TIT. 20 § 504.810. The grievance officer is required to advise the Chief Administrative Officer (CAO) at the facility in writing of the findings on the grievance. The CAO shall advise the inmate of the decision on the grievance within two months of it having been filed. ILL. ADMIN. CODE TIT. 20 § 504.830. An inmate may appeal the decision of the CAO in writing within 30 days. ILL. ADMIN. CODE TIT. 20 § 504.850.

The Court finds Defendant's argument unpersuasive. An inmate is required to exhaust only those administrative remedies available to him. *See* 42 U.S.C. § 1997e(a). The Seventh Circuit has held that administrative remedies become "unavailable" when prison officials fail to respond to inmate grievances. *Lewis v. Washington*, 300 F.3d 829, 833 (7th Cir. 2002). The availability of a remedy does not depend on the rules and regulations as they appear on paper, but on "whether the paper process was in reality open for the prisoner to pursue." *Wilder v. Sutton*, 310 Fed.Appx. 10, 13 (7th Cir. 2009). If further remedies are unavailable to the prisoner, he is deemed to have exhausted. *Id.* Prisoners are required only to provide notice to "responsible persons" about the complained-of conditions. *See Wilder*, 310 Fed.Appx. at 15 (citing *Kaba v. Stepp*, 458 F.3d 678, 684 (7th Cir. 2006)). An inmate forfeits the grievance process, however, when he causes the unavailability of a remedy by not filing or appealing a grievance. *See Kaba*, 458 F.3d at 684.

Satterfield testified that he placed the grievance in the institutional mail. The Court finds Satterfield's testimony credible and determines that after Satterfield placed the grievance in the institutional mail addressed to the grievance officer, there was nothing more he could do. He had no control over the institutional mail. Thus, further remedies became "unavailable" to Satterfield, and he is deemed to have exhausted the February 20, 2009, grievance.

The Court would be remiss if it did not comment on why it found Satterfield's testimony persuasive. Satterfield pays attention to detail like no other inmate the Court has encountered. He testified he was fully aware of the grievance process. After he was transferred out of Shawnee Correctional Center, he fully exhausted a grievance on the same issue at Danville Correctional Center. Further, Satterfield kept a detailed journal regarding his medical condition and treatment that was more than 60 hand-written pages, single spaced (Doc. 1-2). The Court is not persuaded that someone who pays

such close attention to detail, and who knows the grievance procedure, would simply skip a step in the process and send his grievance direction to the ARB without a grievance officer's response.

In so finding, the Court rejects Dr. David's argument that the February 20, 2009, grievance was inadequate to exhaust the claims against him because it refers simply to "the doctor" and does not name or otherwise identify Dr. David as required by ILL. ADMIN. CODE TIT. 20 § 504.810(b).  Satterfield testified, and Defendant did not dispute, that at the time he filed the grievance, Dr. David was the only physician at Shawnee Correctional Center.  Based on Satterfield's testimony, which the Court has found credible, referring to "the doctor" in the grievance was sufficient to identify Dr. David because Dr. David was the only physician at Shawnee at that time.[2]

## CONCLUSION

Therefore, based on all the foregoing, the Court **FINDS** that after Satterfield placed the February 20, 2009 grievance in the institutional mail and received no grievance officer's response, further remedies became unavailable to Satterfield.  Accordingly, the Court **DETERMINES** that Satterfield is deemed to have exhausted his administrative remedies against Dr. David.  Thus, Defendant's Motion for Summary Judgment (Doc. 26) is **DENIED**.   The parties may proceed to discovery on the merits.

**IT IS SO ORDERED.**

**DATED: April 11, 2012**

                                                                     **DONALD G. WILKERSON**
                                                                     **United States Magistrate Judge**

---

[2] Having determined that the February 20, 2009, grievance was sufficient to exhaust claims against Dr. David, and having found that the grievance officer's failure to respond rendered further remedies "unavailable" to Satterfield, the Court need not address the adequacy of the May 14, 2009, grievance.